NACIREMA COMPANY, Respondent, *v.* FRANK J. CASSIDY, Appellant.

*Principal and agent — broker — commissions for procuring tenant — estimated profits.*

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office October 26, 1917, on a verdict, and also from an order entered November 1, 1917, denying a motion for a new trial.

Judgment and order affirmed, with costs. No opinion. Present — Clarke, P. J., Laughlin, Dowling, Smith and Shearn, JJ.; Shearn, J., dissented.

SHEARN, J. (dissenting): The owner was willing to lease at a rental of $35,000 a year for ten years. The plaintiff broker produced a party ready, able and willing to make a lease. In the negotiations that followed the defendant owner concluded that he might obtain a greater net return by taking a sixty per cent interest in a corporation to be formed by him and the proposed lessee and leasing the property to such corporation instead of to the party introduced by the broker. An agreement was made to this effect, but although the party produced by the plaintiff broker actually entered into possession, the agreement to form a corporation which was to take a ten years' lease was never carried out. The estimated profits of the proposed corporation, which estimates were agreed to and formed the basis of the contract, showed that the return to the owner on the basis of his sixty per cent interest would be approximately $47,000 a year. Upon evidence warranting a finding that the plaintiff had produced to the owner a tenant who was ready, able and willing and who did enter into an agreement to lease the premises upon terms satisfactory to the owner, and that the customary commission and the reasonable value of the services was one per cent of the rental, the jury returned a verdict in favor of the plaintiff " for the sum of one per cent on the total amount." Upon being asked by the court whether the jury meant the full amount of plaintiff's claim, a juryman replied, " We did not know what the full amount was, whether it was $470,000, or what it was." Then, upon being informed by plaintiff's trial counsel that the plaintiff's claim was " $4,700 with interest from September, 1911, $1,714, a total of $6,414," the record shows that " the jury thereupon rendered a verdict in favor of the plaintiff in the sum of $6,414." There were no profits and, in my opinion, a mere agreed estimate of the possible annual profits of running a hotel and restaurant for a period of ten years is not a sufficient basis by which to measure brokerage. The defendant is in no position to deny that the agreement which he made was not worth $35,000 a year to him, for he was willing to substitute a sixty per cent interest in the proposed corporation lessee for the minimum rental that he was willing to accept. As no lease was executed and there were no profits, it was error to allow brokerage upon an unrealized estimate of future profits. The judgment and order should be reversed and a new trial ordered, unless within thirty days the plaintiff stipulates to reduce the judgment to $3,500, with interest from September, 1911, in which event the judgment as reduced should be affirmed, without costs.